# IN RE HERBST.

---

TRADEMARKS; FORMER ADJUDICATIONS.

A decision of the Patent Office, not appealed from, in a trademark inter-
ference case, that neither of the parties is entitled to registration,
is final and conclusive of every question that was or might have
been presented and determined in the case (citing *Blackford* v.
*Wilder*, 28 App. D. C. 535; *United States ex rel. Newcomb Motor
Co.* v. *Moore*, 30 App. D. C. 464, and *Re Herbst*, 32 App. D. C. 269);
and a party to that proceeding cannot obtain registration on another
application on the ground that this court in another case subse-
quently decided found that the decision in that case was erroneous.

No. 980.   Patent Appeals.   Submitted November 9, 1915.   Decided Novem-
ber 29, 1915.

HEARING on an appeal from a decision of the Commissioner
of Patents rejecting an application for the registration of a
trademark.                                              *Affirmed.*

The facts are stated in the opinion.

*Mr. L. S. Bacon* and *Mr. J. H. Milans* for the appellant.

*Mr. Minott E. Porter* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Patent Office refusing to regis-
ter the words "Old Judge" as a trademark for whisky.

Appellant, Solomon C. Herbst, first applied for the registra-
tion of this mark on April 19, 1905. Thereafter an inter-
ference was declared between that application and two others.

---

Note.—On effect in collateral proceeding of decision of patent office on
issue of interference, see note in 24 L.R.A.(N.S.) 948.

The Patent Office decided that no one of the parties was entitled to registration. No appeal was taken from this decision and it therefore became final. Subsequently Herbst, the appellant here, began the prosecution of his application *ex parte*. Registration was refused by the Patent Office on the ground that the decision in the interference proceeding was *res judicata,* and, on appeal to this court, that decision was affirmed. *Re Herbst,* 32 App. D. C. 269. We said: "Appellant's remedy, if he was aggrieved by the decision of the Commissioner, was by way of appeal to this court. When the time within which an appeal might have been taken from that decision expired the decision became final and was *res judicata,* and appellant had no more right to prosecute his original application before the examiner of trademarks than he would have had to prosecute his application before the examiner for the second time after an adverse decision by the Commissioner in an *ex parte* case."

The present application was filed on April 12, 1913. Appellant now contends that under a decision of this court rendered subsequent to the decision of the Patent Office in said interference proceeding, the decision of the Patent Office in that proceeding was wrong, and that "thereafter Herbst filed this application, which seemingly was a proper thing for him to do." We cannot agree with appellant's contention. Whether the former decision of the Patent Office was right or wrong is not the question. It was final and conclusive of every question that was or might have been presented and determined in that case. *Blackford* v. *Wilder,* 28 App. D. C. 535; *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464; *Re Herbst,* 32 App. D. C. 269. As pointed out in the *Herbst Case,* appellant's remedy, if he was dissatisfied with the decision of the Patent Office in the interference proceeding, was by way of appeal to this court. Because, as he now believes, he would have prevailed had he taken such an appeal, in no way changes the situation. He has had his day in court, and is not entitled to another for the consideration of the questions previously determined.

The decision is affirmed.                    *Affirmed.*